591 F.Supp. 70 (1984)
Ed H. SMITH, Michael Rembert, Danny K. Davis, Herbert Payne, Allan Streeter, Julius Hammond, Dorothy Tillman, Lovie Copeland, George H. Eddings and John Davis, Plaintiffs,
v.
The BOARD OF ELECTION COMMISSIONERS FOR the CITY OF CHICAGO and Michael E. Lavelle, James R. Nolan and Corneal A. Davis, in their capacities as members of the Board of Election Commissioners for the City of Chicago, Defendants.
Edward W. GJERTSEN, Stuart Schulman, Joseph W. Smith, Kenneth A. Lavand, Herman A. Schell, Jr., Patricia A. Hans, William T. Margalus and Dominic Costanzo, Plaintiffs,
v.
The BOARD OF ELECTION COMMISSIONERS FOR the CITY OF CHICAGO and Michael E. Lavelle, James R. Nolan and Corneal A. Davis, in their capacities as members of the Board of Election Commissioners for the City of Chicago, Members of the State Board of Elections, Richard A. Cowen, Carolyn R. Eyre, J. Phil Gilbert, Michael J. Hamblet, Joshua Johnson, John J. Lanigan, Theresa M. Petrone and Norma J. Shapiro, in their capacities as members of the State Board of Elections, and Stanley T. Kusper, Jr., in his capacity as County Clerk of Cook County, Illinois, Defendants.
Nos. 84 C 0148, 84 C 0560.
United States District Court, N.D. Illinois, E.D.
March 9, 1984.
*71 Russell J. Stewart, Park Ridge, Ill., for plaintiff in No. 84 C 0560.
C. Richard Johnson, Steven R. Gilford, Robert G. Perkins, Isham, Lincoln & Beale, Chicago, Ill., for plaintiffs in No. 84 C 0148.
Franklin S. Schwerin, Joseph L. Ponsetto and Michael C. Moses, Richard M. Daley, State's Atty. of Cook County, Chicago, Ill., for Stanley Kusper, Jr.
James M. Scanlon, James Tenuto, and Neil Hartigan, Atty. Gen. State of Ill., Chicago, Ill., for State Bd. of Elections, Cowen, Eyre, Gilbert, Hamblet, Johnson, Lanigan, Petrone, Shapiro.
Michael Levinson, Michael LaVelle, Franklin J. Lunding, Jr., Charles M. Biggam, Biggam, Cowan, Marquardt & Lunding, Chicago, Ill., for Bd. of Election Com'rs, Lavalle, Nolan and Davis.

MEMORANDUM OPINION AND ORDER
ASPEN, District Judge.
Defendants' motion for a stay pending appeal is denied. Defendants' motion for a bond for the preliminary injunction is also denied.
Fed.R.Civ.P. 65(c) provides that:
[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.
Nevertheless, courts have declined to require plaintiffs to post a bond in cases involving constitutional rights. Olshock v. Village of Skokie, 401 F.Supp. 1219 (N.D. Ill.1975). The Seventh Circuit has offered varying interpretations of Rule 65(c). According to Reinders Brothers, Inc. v. Rain Bird Eastern Sales Corp., 627 F.2d 44 (7th Cir.1980), a court is to expressly entertain a defendant's request for a bond and, absent extraordinary circumstances, the court errs in failing to grant such a request. Id. at *72 54. But in Scherr v. Volpe, 466 F.2d 1027 (7th Cir.1972), the Court observed that requiring security rests within the discretion of the district court, and that the failure to require security under Rule 65(c) is not reversible error. Id. at 1035. Despite the literal language of Rule 65(c), appropriate circumstances  such as indigence  excuse the issuance of a preliminary injunction without a bond. Wayne Chemical, Inc. v. Columbus Agency Service Corp., 567 F.2d 692, 701 (7th Cir.1977).
In Crowley v. Local No. 82, 679 F.2d 978 (1st Cir.1982), cert. granted, 459 U.S. 1168, 103 S.Ct. 813, 74 L.Ed.2d 1012 (1983), the Court listed factors to consider in deciding whether to require a bond. These include: the possible loss to the enjoined party, the hardship a bond would impose on the applicant and the impact of a bond on the enforcement of federal rights. Id. at 1000.
We recognize that defendants in this case face certain costs and expenses in complying with the preliminary injunction. These costs, although relatively modest expenditures for a local government unit, would be quite substantial for a private citizen to undertake. Defendants seek a bond in the amount of 150% of these costs and expenses. We decline, however, to order plaintiffs to post this bond. To do so, we believe, would condition the exercise of plaintiffs' constitutional rights upon their financial status. Indeed, only a wealthy defendant could post such bond in most instances. In our view, to require plaintiffs to post bond in the present case would undoubtedly create an unfair hardship for them and impact negatively on the exercise of their constitutional rights, as well as those of the voters in their wards. The likelihood that this matter may be resolved through prompt appellate review of our ruling, moreover, may well mean that the injunction will impose no irremediable hardship upon the defendants. Accordingly, defendants' motions are denied. It is so ordered.