Norbert PINZON, et al., etc., Plaintiffs,

v.

Michael LANE, et al., Defendants.

No. 87 C 4542.

United States District Court,
N.D. Illinois, E.D.

Dec. 10, 1987.

Preliminary Injunction Order
Dec. 23, 1987.

Thomas Peters, Murphy Peters Davis & O'Brien, and Thomas J. Bamonte, Sachnoff, Weaver & Rubenstein, Ltd., Chicago, Ill., for plaintiffs.

Neil F. Hartigan, Atty. Gen., and William F. McGlynn, Asst. Atty. Gen., Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Several State of Illinois parolees seek a preliminary injunction on behalf of the class of which they are members: all such parolees arrested on new criminal charges and afforded *no* opportunity for a preliminary parole revocation hearing, thus being

required to remain in custody for extended periods (even though they could make bond if given the opportunity). Plaintiffs' motion for a preliminary injunction has been fully briefed by their appointed pro bono counsel and by counsel for the three defendants—Illinois Department of Corrections ("Department") Director Michael Lane ("Lane"), Parole Agent Robert Guthrie and Adult Community Supervision officer Margaret Flaherty. For the reasons stated in this memorandum opinion and order, a preliminary injunction will issue.

### Operative Procedures and Standards

Almost every preliminary injunction situation calls for an evidentiary hearing to allow the entry of findings of fact and conclusions of law called for by Fed.R.Civ. P. ("Rule") 52(a). In this instance the parties have not disputed the operative facts:

1. Members of the plaintiff class are systematically denied preliminary parole revocation hearings and, as later indicated under "Likelihood of Success on the Merits," remain in custody for lengthy periods of time.

2. Illinois law (as well as the Constitution, as hereafter discussed) mandates the provision of such preliminary hearings for all parolees (with limitations hereafter discussed) charged with violation of the terms of their parole, including the asserted commission of another crime (Ill.Rev.Stat. ch. 38, ¶ 1003–3–9(c)).

3. Under an existing administrative regulation (20 Ill.Adm.Code IV, § 1610.140(b)(3)) such preliminary parole revocation hearings must be held within ten days after the parolee's arrest, subject to delays up to an additional 14 days where a continuance is necessary for the State to obtain evidence or produce witnesses.

This Court so finds. Further factual determinations (again uncontested by the liti-

gants) are also included in the balance of this opinion.

As in every preliminary injunction case, the legal burdens plaintiffs must meet are to show (*Lawson Products, Inc. v. Avnet, Inc.,* 782 F.2d 1429, 1433–34 (7th Cir.1986)):

1. They have no adequate remedy at law.

2. Defendants are causing them irreparable harm.

3. They have at least a reasonable likelihood of success on the merits.

4. Balancing of the harms (the harm plaintiffs will sustain if injunctive relief is wrongfully denied, as compared with the harm defendants will sustain if injunctive relief is wrongfully granted) favors plaintiffs.[1]

5. Granting injunctive relief will not disserve the public interest.

Each factor will be dealt with, some more at length than others.

### Adequacy of Legal Remedies; Irreparability of Harm

These first two prerequisites for preliminary injunctive relief are not alternative requirements (as some cases before *Roland Machinery*—and even some later cases—seem to suggest), nor do they merge except when damages are the sole remedy a plaintiff seeks at trial (*Roland Machinery,* 749 F.2d at 386). In this case, the very facts that injunctive relief is essential to afford plaintiffs a real remedy and that a due-process-violative deprivation of liberty is at stake (*Morrissey v. Brewer,* 408 U.S. 471, 482, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); see *Wolff v. McDonnell,* 418 U.S. 539, 561, 94 S.Ct. 2963, 2977, 41 L.Ed.2d 935 (1974); *Barker v. Wingo,* 407 U.S. 514, 520–21, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101 (1972)) are enough to satisfy the dual requirement.

Even if plaintiffs could ultimately collect damages for defendants' unconstitutional conduct in keeping plaintiffs in custody

---

1. Under *Roland Machinery Co. v. Dresser Industries, Inc.,* 749 F.2d 380, 387–88 (7th Cir.1984) this balancing-of-harms factor and the likelihood-of-success factor interact on a sliding scale: the more likelihood of success that exists, the less the balancing of harms must tip toward plaintiffs; and the less the likelihood of success, the heavier the balance scales must weigh in plaintiffs' favor. See the further discussion of that subject in *Lawson Products,* 782 F.2d at 1433–36.

without a hearing, they cannot fairly be compelled thus to sell their rights to liberty for some amount in damages. Moreover, the existence of any damage remedy is itself questionable (see *Trotter v. Klincar,* 748 F.2d 1177, 1181–83 (7th Cir.1984)). And finally, by definition a permanent injunction at the end of trial would be an empty vindication of plaintiffs' constitutional rights.

### Likelihood of Success on the Merits

Both sides agree *Morrissey v. Brewer* marks out the scope of parolees' constitutional interests in remaining at liberty. *Morrissey* recognized a parolee's liberty "includes many of the core values of unqualified liberty" (408 U.S. at 482, 92 S.Ct. at 2601), with freedom on a day to day basis to "be gainfully employed and ... to be with family and friends and to form the other enduring attachments of normal life" in the same way as all free persons (*id.*). Those, however, are the more generalized aspects that confirm the existence of a liberty interest. What controls for current purposes is the more particularized constitutional mandate that an asserted parole-condition violator *must* be given a preliminary parole revocation hearing "at or reasonably near the place of the alleged parole violation or arrest *and as promptly as convenient after the arrest*" (408 U.S. at 485, 92 S.Ct. at 2602, emphasis added). That preliminary hearing has as its purpose the determination whether there is probable cause to believe that the parolee has violated a condition of his parole (*id.*).[2]

Plaintiffs have provided ample evidence of defendants' violations of the *Morrissey* standard: By affidavit and offer of proof, undisputed by defendants, they adduce evidence as to ten typical class members forced to spend time in custody without any preliminary parole revocation hearing for periods from over a month to nearly *two years.* Under the Illinois system, the absence of such a hearing cuts off any possibility of liberty for the arrested parolee.[3]

Without question that course of conduct on defendants' part flouts *Morrissey.* Our Court of Appeals has said on that score (*Luther v. Molina,* 627 F.2d 71, 74 n. 3 (7th Cir.1980)) that *Morrissey* "seemed to be contemplating an almost immediate hearing." Dealing with the related subject of federal parole revocation guidelines, *Luther, id.* at 75 n. 3 said:

> It is possible that a ten day delay between detention and the preliminary hearing does not meet either constitutional or statutory requirements.

Whether or not the *Luther* dictum correctly measures the maximum constitutionally-permitted delay, the State of Illinois has itself confirmed (whether intentionally or unintentionally) what may fairly be considered in *Morrissey* terms "as promptly as conveniently after arrest": Illinois' Administrative Code prescribes the ten-day maximum already discussed, subject to potential continuance up to an added 14 days where necessary to obtain evidence or produce witnesses.[4] Either in estoppel terms or otherwise, defendants cannot dispute plaintiffs' strong (let alone merely reasonable) likelihood of success on the issue of unconstitutionality of defendants' existing practices, which fall far short of what Illinois

---

**2.** One of the ultimate targets of this action, not at issue on the present motion, is the alleged unconstitutionality of the Illinois statutory provision (Ill.Rev.Stat. ch. 38, ¶ 1003–3–9(c)) that denies preliminary parole revocation hearings to parolees as to whom probable cause regarding the new offense has already been found at a preliminary examination conducted in accordance with Ill.Rev.Stat. ch. 38, ¶ 109.3. Nothing said here should be mistaken as suggesting the invalidity of that provision, an issue not dealt with in this opinion.

**3.** Issuance of a parole violator warrant typically follows a parolee's arrest on a new charge. Once that happens the parolee is barred from release on bail pending trial on the new charge (see *Faheem-el v. Klincar,* 814 F.2d 461 (7th Cir.), *vacated pending reh'g en banc,* 822 F.2d 35 (7th Cir.1987)).

**4.** Defendants also challenge the 10 to 24–day period as too long under *Morrissey,* but again that issue (like the one identified in n. 2) can be left for resolution at the merits stage of the litigation.

law and regulations have prescribed as manageable and convenient.[5]

That should be more than enough for current purposes. But because one special illegality in defendants' conduct bears mention, some brief added discussion is appropriate. As already stated, the recent Illinois statutory revision no longer requires a preliminary parole revocation hearing for parolees as to whom a judicial finding of probable cause has been made at a preliminary hearing on the new charge. Yet defendants, without any warrant in the new legislation, have *also* established the practice of denying a preliminary parole revocation hearing to all *indicted* defendants. That impermissibly equates the probable cause determination made by a majority of the lay persons sitting as a grand jury, based on the unilateral presentation of the case by the prosecutor, with a *judicial* probable cause determination as required by the Illinois statute.

### Balancing of Harms

What harms can defendants legitimately claim? At this preliminary injunction stage, they are being required only to comply with what the Illinois General Assembly and their own regulations provide. Even if compliance with the state law they are duty bound to follow could somehow be viewed as a "harm" to defendants, it is perforce far outweighed by the already-identified harms to the plaintiff class.

### Public Interest

*Morrissey*, 408 U.S. at 483–84, 92 S.Ct. at 2601 itself expressed the benefits to both the State and society at large from the kind of meaningful parole revocation process implemented by the preliminary injunction to be issued here. It does not place any member of the plaintiff class at liberty. It

assures only that deprivation of such liberty must take place within the boundaries marked out by the Constitution (as minimally measured by Illinois' own legislative and administrative timetables). That cannot by definition disserve the public interest.

### Procedural Matters

In the face of the current proceedings (after plaintiffs' motion was on file, and just ten days after the compellingly persuasive supporting memorandum had been filed by plaintiffs' counsel October 30), defendants obviously acted to disable themselves from responsibility here. Their memorandum in opposition attaches this two-sentence November 10 letter from Illinois Prisoner Review Board ("Board") Chairman Paul Klincar to defendant Lane:

> As a result of recent discussions, the Board hereby notifies you that the Department of Corrections personnel will no longer be needed as designees of the Board to act as Preliminary Release Revocation Hearings Officers in Cook County. The Board reassumes those responsibilities.

In light of the timing, that has the obvious look of an effort to frustrate this Court's jurisdiction and shirk defendants' constitutional responsibilities. Whatever the effectiveness of that effort may be, the fact remains that any role defendants play or will play in the process must conform to the constitutional mandate, and to the extent Board enters the picture it must conform as well.

Accordingly plaintiffs' motion for leave to file an Amended Complaint adding Board and its members as defendants (a motion filed November 18, promptly after the responsibility-shifting tactic pursued by

---

**5.** Of course defendants are not being charged with violating state procedural standards *as such*—what is at issue is the violation of the *Morrissey* due process standard, as to which the state procedure must under the circumstances be viewed as strongly evidentiary at the preliminary injunction stage. That fact also torpedoes defendants' two assertions:

    1. that the Prisoner Review Board, which promulgated the hearings rule, "is separate

and apart from the Department of Corrections" (D.Mem. 3)—that is really irrelevant, for the rule is used here only as a confirmation of what is "as promptly as convenient after arrest";

    2. that consideration is being given to rescission of the rule (D.Mem.Ex. 2)—that too is irrelevant in terms of the limited use made of the rule by this Court.

the Illinois authorities was brought to the attention of plaintiffs' counsel) is granted. Preliminary injunctive relief is being granted against all the original defendants, to run in accordance with Rule 65(d) against "those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." That alone may perhaps be enough to bind Board and its members. But to avoid any question on that score, an identical form of temporary restraining order will issue against Board and its members immediately upon filing of the Amended Complaint, and the parties are directed to appear December 18, 1987 at 9 a.m. to discuss whatever procedures may be necessary to look to the issuance of a preliminary injunction against the newly-named defendants as well.

Finally, given the identity of the plaintiff class and the constitutional rights involved, this is one of the rare situations recognized as not calling for the giving of security under Rules 65(c) and 65.1. See *Smith v. Board of Election Commissioners for City of Chicago*, 591 F.Supp. 70 (N.D.Ill. 1984) and cases cited; 11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2954, at 529 (1973).

### Conclusion

This memorandum opinion and order has stated the findings of fact and conclusions of law necessary for the granting of preliminary injunctive relief. Counsel for plaintiffs are directed to deliver a proposed form of injunctive order to defendants' counsel and this Court's chambers on or before December 15, 1987, and defendants' counsel are ordered to deliver a statement of any objections to the proposed form of order to plaintiffs' counsel and this Court's chambers on or before December 17, 1987.

This Court will issue the appropriate order upon considering the respective submissions.

### PRELIMINARY INJUNCTION ORDER [1]

After proper notice, plaintiffs' Motion for a Preliminary Injunction has been heard, with the parties having provided this Court with legal memoranda, documents and exhibits (there being no dispute as to the relevant facts). In accordance with Rule 52(a), this Court hereby makes the following findings of fact ("Findings") and states the following conclusions of law ("Conclusions").[2]

### Findings of Fact

1. Victor Butler ("Butler") is a citizen of the United States and resides in Cook County, Illinois. Butler was paroled by Board on or about September 17, 1985.

2. On or about April 17, 1987 Butler was arrested and charged with possession of a controlled substance. Butler was found eligible for bail and was ready, willing and able to post the $2,000 cash bond necessary to secure his release on bail. However, Butler could not obtain his release on bail because a parole violator warrant had been issued against him by or pursuant to procedures established by defendants.

3. On May 18, 1987 Butler received a preliminary parole revocation hearing.

4. Maurice Jackson ("Jackson") is a citizen of the United States and resides in Cook County, Illinois. Jackson was on parole by Board at the time of his arrest referred to in Finding 5.

5. On or about July 28, 1987 Jackson was arrested and charged with attempt murder. Jackson was later indicted. Jackson was found eligible for release on bail

1. This order reflects the current caption in this case, based on the Third Amended Complaint filed November 25. Because Paul Klincar ("Klincar"), Chairman of the Illinois Prisoner Review Board ("Board"), was added as a defendant at that time—only after the preliminary injunction hearing—this order does not of course operate against him as a *party*. However, to the extent Klincar and his fellow Board members are "persons in active concert and participation

with" the original defendants, both Fed.R.Civ.P. ("Rule") 65(d) and decretal Paragraph 5 of this order cause them to be bound by its terms.

2. To the extent if any the Findings as stated reflect legal conclusions, they shall be deemed Conclusions; to the extent if any the Conclusions as stated reflect factual findings, they shall be deemed Findings.

and was ready, willing and able to post the $3,000 cash bond necessary to secure his release. However, Jackson could not obtain his release on bail because a parole violator warrant had been lodged against him by or pursuant to procedures established by defendants.

6. Jackson has not received a preliminary parole revocation hearing since his arrest.

7. Fred Williams ("Williams") is a citizen of the United States and resides in Cook County, Illinois. Williams was paroled by Board in 1985.

8. On or about March 27, 1987 Williams was arrested and charged with a new offense. Williams was later indicted. Williams was found eligible for bail and was ready, willing and able to post a $6,000 cash bond necessary to secure his release on bail. However, Williams could not obtain his release on bail because a parole violator warrant had been lodged against him by or pursuant to procedures established by defendants.

9. Williams has not received a preliminary parole revocation hearing since his arrest.

10. On November 20, 1987 this Court certified a class ("Plaintiff Class") consisting of all parolees from the Illinois Department of Corrections ("Department") who are now, or will be, arrested on a new criminal charge in Cook County and imprisoned in Cook County Jail pursuant to a parole violator warrant.

11. As of the time of the preliminary injunction hearing, defendants in this action comprised the following persons who act in the following capacities:

(a) Michael Lane ("Lane") is the Director of Department and, in that capacity, is responsible for promulgating, implementing and enforcing Department's rules and regulations.

(b) Margaret Flaherty ("Flaherty") is employed by Department in the Community Supervision Section and, in that capacity, is responsible for directing the supervision of the parole agents in Cook County.

(c) Robert Guthrie is a Department employee who is a parole agent in Cook County and, in that capacity, implements the policies and practices established by Lane and Flaherty.

12. Department is responsible for the supervision of parolees according to the conditions established by Board, for the issuance of parole violator warrants against parolees suspected of violating their parole conditions, and for the production of suspected parole violators in its custody for preliminary parole revocation hearings.

13. Board is responsible for conducting final parole revocation hearings. On August 10, 1987 Board also assumed from Department the responsibility for providing hearing officers for preliminary parole revocation hearings.

14. On November 20, 1987 this Court granted plaintiffs' motion for leave to amend the then-existing complaint to add Klincar as a defendant. Plaintiffs then filed the Third Amended Complaint (the "Complaint") and served it on Klincar November 30, 1987.

15. Under 20 Ill.Adm.Code IV § 1610.140(b)(3), preliminary parole revocation hearings must be held within ten days after the parolee's arrest, subject to delays of up to 14 additional days where a continuance is necessary for the State to obtain evidence or produce witnesses. That timetable for such preliminary hearings plainly establishes a maximum time period that may be considered "as promptly as convenient" after the parolee's arrest.

16. Defendants have systematically denied members of Plaintiff Class a preliminary parole revocation hearing within ten days after their respective arrests. Defendants have also systematically denied members of the Plaintiff Class such a preliminary hearing within 24 days after their respective arrests—and in those cases where such a preliminary hearing has been afforded more than ten and fewer than 24 days after a parolee's arrest, that has been done without defendants having made any showing of the need for a continuance as described in Finding 15.

17. Defendants have systematically denied any preliminary parole revocation hearing whatever to members of Plaintiff Class who have been indicted.

18. As a result of defendants' policies and practices referred to in Findings 16 and 17, members of Plaintiff Class have been routinely incarcerated for periods of several weeks or months after their arrests without a preliminary parole revocation hearing, even though they have been found eligible for release on bail.

### Conclusions of Law [3]

1. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over the claims of Plaintiff Class under 18 U.S.C. § 1343.

2. Venue is proper in this District Court because the events alleged in the Complaint occurred in the Northern District of Illinois.

3. Both the individual plaintiffs and Plaintiff Class have standing to bring this action.

4. Each member of Plaintiff Class has a constitutionally protected interest in remaining at liberty on parole.

5. Under *Morrissey v. Brewer*, 408 U.S. 471, 485, 92 S.Ct. 2593, 2602, 33 L.Ed.2d 484 (1972) each member of Plaintiff Class has a constitutional right to a preliminary parole revocation hearing "at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest."

6. Defendants threaten all members of Plaintiff Class with irreparable harm for which Plaintiff Class members have no adequate legal remedy: Deprivation of their liberty in violation of the Due Process Clause is at stake, injunctive relief is essential to afford complete relief and the provisions of such injunctive relief at the end of the case (after trial) would cause irreparable harm to Plaintiff Class members in the interim.

7. Plaintiff Class members have substantially more than a reasonable likelihood of success on the merits of their claim that defendants' failure to provide a preliminary parole revocation hearing within ten days after each parolee's arrest (or within a greater period not to exceed 24 days, under the circumstances stated in Finding 15) to each such parolee arrested and held in the Cook County Jail pursuant to a parole violator warrant is unconstitutional.

8. Any asserted harm to defendants from a wrongfully issued preliminary injunction requiring them to comply with their own rules and regulations referred to in Finding 15 (and defendants have wholly failed to identify any such harm) is far outweighed by the harm to Plaintiff Class if such a preliminary injunction were wrongfully denied.

9. For reasons set out in *Morrissey*, 408 U.S. at 483–84, 92 S.Ct. at 2601, the public interest cannot be said to be disserved by a preliminary injunction that enjoins defendants from delaying preliminary parole revocation hearings for more than the period specified in Finding 15.

WHEREFORE, this Court hereby orders that:

1. Except as provided in Paragraph 4 of this order, defendants are enjoined:

(a) from holding in custody, without providing a preliminary parole revocation hearing within the time specified in Subparagraph 1(b), any parolee from Department who is arrested on a new criminal charge and imprisoned in Cook County Jail pursuant to a parole violator warrant; and

(b) from holding such a preliminary parole revocation hearing more than ten days after the arrest of any such parolee from Department who is held in Cook County Jail pursuant to a parole violator warrant except where defendants can show that a delay of up to 14 additional days is necessary for the State to obtain evidence or produce witnesses.

---

**3.** These Conclusions are an abridged summary of the analysis and conclusions expressed in this Court's December 10, 1987 memorandum opinion and order (the "Opinion") announcing the granting of this preliminary injunction.

2. Defendants are enjoined from the total denial of preliminary parole revocation hearings to members of Plaintiff Class who have been indicted. All provisions of the preceding paragraph shall apply to all such Plaintiff Class members.

3. Defendants shall forthwith provide preliminary parole revocation hearings to all members of Plaintiff Class who are currently incarcerated in Cook County Jail pursuant to a parole violator warrant and who have not received a preliminary parole revocation hearing within ten days of their arrest. If defendants find themselves unable to comply forthwith with the provisions of this paragraph because of the number of persons to whom it applies, on or before January 7, 1988 they shall file a motion requesting short-term relief from these provisions, specifying the facts requiring such relief and proposing a timetable for such relief.

4. This order does not apply to any member of Plaintiff Class for whom probable cause has been found at a preliminary examination held within ten days of arrest and conducted pursuant to the requirements of Ill.Rev.Stat. ch. 38, ¶ 109–3.

5. In accordance with Rule 65(d), this order is binding upon defendants, their respective agents and employees and all persons in active concert or participation with any of the foregoing who receive actual notice of this order by personal service or otherwise. Copies of this order shall be delivered to each of defendants or their attorneys or both.

6. This order shall issue without the giving of any security (see the authorities cited in Opinion at 433).

7. This order is to take effect immediately and will remain in effect until further order of the Court.